# THE MEAD LAW FIRM, P.C.

---

3033 BRIGHTON 3RD STREET, BROOKLYN, NEW YORK 11235 / TEL: (866) 306-5547
Alt. TEL: (718) 306-2107 F: (866) 306-0337 (*Not for Service of Process) *wmeadlaw@gmail.com*

August 28, 2022

**VIA ECF**
United States Magistrate Judge Sanket J. Bulsara
United States District Court: Eastern District of New York
225 Cadman Plaza East, Chambers 304N, Courtroom 324N, Brooklyn, New York 11201

**Re: *Letter Motion to Quash Subpoenas; for a Protective Order and for an <u>Interim Stay of Chase Bank Compliance pending the Outcome of the Motion</u>; Government Employees Ins. Co. et al v. Eric Kenworthy, MD et al, EDNY, 22-cv-03728-LDH-SJB***

Dear Magistrate Judge Bulsara:

This firm represents Non-Party, Law Offices of Zara Javakov, P.C. (hereinafter "ZJPC") on this motion, movant Non-Party ZJPC with respect to a subpoena directed to ZJPC and ZJPC's Bank ("Chase Bank") (*see* **Ex. A**) moves to Quash and/or Modify the subpoena and for a Protective Order which is now made pursuant to Fed. R. Civ. P. § 26 (b); Fed. R. Civ. P. § 26 (c)(1)(A); Fed. R. Civ. P. 26(c)(1)(D); Fed. R. Civ. P. 26(c)(1)(G)Fed. R. Civ. P. § 26(b)(2)(C), and Fed. R. Civ. P. 26(c)(3), Fed. R. Civ. P. 45(b)(1); Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P. 45(d)(3)(A)(iii)(iv); Fed. R. Civ. P. 45(d)(3)(B)(i). The undersigned has met and conferred *via* teleconference on or about August 23, 2022 with Plaintiff's counsel without resolution. Notably, Plaintiffs have improperly issued these subpoenas prior to a Rule 26(f) conference. *See* ECF No. 12 directing the filing of a Rule 26(f) report by 10/12/22 (no such filing has been made *via* ECF), and the Court's 8/16/22 Order permitting the 8/12/22 Answer of Defendants. The subpoenas here were issued on 8/10/22 and 8/12/22 prior to either an Answer or a Rule 26(f). Further, as a practical matter, ZJPC is concerned that Chase Bank will likely not sift through the specifics of documents only pertaining to the defendants in this action, but rather <u>without a court order</u> will simply provide the entirety of ZJPC's accounts including wholly unrelated documents for other clients, and ZJPC has a duty to protect this information by seeking a Court Order to ensure any bank compliance is limited to what the Court deems to be required. Thus, it is respectfully requested that the Court issue an immediate interim order staying compliance by Chase Bank pending the outcome of this motion TO AVOID THE RISK OF CHASE BANK'S HASTY COMPLIANCE AND RELEASE OF CONFIDENTIAL INFORMATION OF OTHER CLIENTS.

Plaintiffs have made no showing that they cannot obtain the information they seek from party discovery, and absent such a showing, imposing the undue burden of document production on a non-party, should be limited and/or denied at this juncture." Review of the docket itself reveals that Plaintiffs are unable to meet the standards of the *Notaro* test. This action was only filed on 6/22/22 and pleadings had not closed when these subpoenas were issued prior to a 26(f) conference. It is likely Plaintiffs had not even served standard

1

discovery demands on Defendants. Yet, Plaintiffs brazenly engaged in third-party discovery prior to party discovery.

## The Chase Subpoena for ZJPC's Bank Records

The Chase Bank subpoena in pertinent part, seeks documents from "<u>All</u> accounts" maintained by Law Offices of Zara Javakov, Esq., P.C. and requests: "All cancelled checks, electronic transactions, and related documents reflecting monies deposited into or withdrawn from any escrow/IOLA or other account (including but not limited to deposit and withdrawal slips, including offsets, cashier's checks and bank checks made, electronic fund transfers, wire transfers, and deposited checks) that were for or on behalf of Eric Kenworthy MD (Tax Identification Number: -----) and/or Eric Kenworthy (Tax Identification Number: ---------):" [Tax ID's redacted]. And further: "2. All transaction statements, reconciliations, receipts and disbursement journals, account ledgers, books of accounts, summaries, and similar documents reflecting any transactions involving funds that were for or on behalf of Eric Kenworthy MD (Tax Identification Number: ------) and/or Eric Kenworthy (Tax Identification Number: ----)." [Tax IDs Redacted]."

## The ZJPC Subpoena which improperly seeks attorney-client communications

In pertinent part, the ZJPC subpoena seeks all documents related to any account receivable, funding, loan or line of credit; all documents relating to insurance payments; all documents between ZJPC and any funders; all documents between any of the defendants and any funders; and all communications that are related to or concern any of the defendants [ZJPC's clients]. The last request for communications related to ZJPC's clients is an obvious improper attempt to obtain confidential attorney-client privileged communications and work product and should be quashed. Work product belongs to the attorney as well. *In re In-Store Adver. Sec. Lit.,* 163 FRD 452, 458 (SDNY 1995).

## The Subpoenas Should be Quashed as they were issued prior to a Rule 26(f) and Prior to Any Party Discovery

The subject subpoenas are overly broad, harassing, unduly burdensome, seek irrelevant private commercial financial information, and improperly seeks overbroad categories of attorney-client and work product privileged information and delve into ZFPC's IOLA Account and "all accounts" of ZFPC. Further, Plaintiff's subpoena improperly seeks non-party discovery prior to attempting to seek party discovery and under Fed. R. Civ. P. 26(d)(1), a party is generally precluded from seeking discovery from any source prior to a Rule 26(f) conference without a prior Court Order. It is respectfully requested that the Court issue an immediate interim order staying compliance by Chase Bank pending the outcome of this motion.

Generally, a subpoena may not be served before the parties conduct their FRCP 26(f) pre-trial discovery conference, also known as a meet and confer (FRCP 26(d)(1)). The *Notaro* standard has not been met. The standard for determining whether to allow expedited discovery is the four-part test derived from *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N. Y. 1982)—the elements of which track the standard for granting a preliminary injunction—or the more flexible standard of reasonableness and good cause, *Ayyash v. Bank Al-Madina*, 233 F.R.D.325, 327 (S.D.N.Y. 2005). See, e.g., *N. Atl. Operating Co. v. Evergreen Distribs., LLC*, 293 F.R.D. 363, 367, 368 n.7 (E.D.N.Y.

2013) (noting the split and the trend in favor of the reasonableness test). Under the *Notaro* test, the moving party must demonstrate (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the [non-moving party] will suffer if the expedited relief is granted. *Notaro*, 95 F.R.D. at 405.

It is improper to unduly impose upon a non-party, information that GEICO can readily request of the parties to the action.  Upon the meet and confer, it is apparent that Plaintiff truly seeks information regarding a "funding company" that it alleges the Defendant provider utilized. The proper course prior to burdening non-parties, is to first seek that information from the party defendants. Plaintiffs' chosen course of action should not be permitted to become the norm in the EDNY. In quashing a subpoena, the Court in *Chytka v. Wright Tree Service, Inc.,* 11-cv-00968 (REB)(KLM) agreed that a Rule 45 subpoena was an "improper means of obtaining discovery from a party opponent." Id. Likewise, in *Travelers Indemnity Company v. Metropolitan Life Insurance Company*, No. 3:04MC467 (CFD)(TPS) (D. Connecticut 2005), the Court was confronted with subpoenas seeking disclosure from a non-party of a great deal of documents otherwise available from public records, and from other parties to the litigation.  The Court quashed the subpoenas emphasizing that although discovery provisions are liberal, "limits do exist." Id. at 2. Similarly, in *Stephens v. GEICO*, 04cv1168, (District Court, District of New Mexico 2005), the Court dealt with a subpoena which had been issued by the Plaintiff, upon the Defendant's attorney.  The Court granted the motion to quash "to the extent that Plaintiffs' subpoena requires the same documents as those described in Plaintiff's Rule 34 request…" Id. at 2.

Plaintiffs have made no showing that they cannot obtain the information they seek from party discovery, and absent such a showing, imposing the undue burden of document production on a non-party, should be limited and/or denied at this juncture. Rule 26, is broad enough to permit such a limitation, see *Poliquin v. Garden Way, Inc*., 989 F.2d 527, 532 (1st Cir. 1993).  "The text of Rule 26(c) is construed liberally to include a wide range of potential harms not explicitly listed." *Dongguk Univ. v. Yale Univ*., 270 F.R.D., 70, 73 (D.Conn. 2010) (citing *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders.")).  However, "Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise. . . . [T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." *United States v. Microsoft Corp*., 165 F.3d 952, 959–60 (D.C.Cir. 1999); see also *Guan Ming Lin v. Benihana Nat. Corp.,* 2010 WL 4007282, *2 (S.D.N.Y. Oct. 5 2010) (finding good cause existed where the deposition sought would "work a measurable disruption . . . while adding no apparent value to the plaintiff's discovery').

Therefore, as Plaintiff seeks a non-party (Chase) to disclose confidential information ZJPC which should be prohibited under Fed. R. Civ. P. § 26(b)(2)(C).

**Plaintiffs' Subpoenas Improperly Seek Private Financial Records of a Non-Party**

Individuals/entities "whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Arias-Zeballos v. Dr. Anamah Tan*, 06cv1268 (GEL)(KNF) (S.D.N.Y. 2007), at 1. See also; *Itochu Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa 2014), at 232. Here, ZJPC has an interest in its own bank records and as an attorney escrow agent to ensure that the financial records of all its clients are not misused or improperly released to Plaintiffs.

Courts recognize that individuals have certain constitutionally protected privacy rights, including, "the individual interest in avoiding disclosure of personal matters." *McVane v. Federal Deposit Ins. Corp.*, 44 F.3d 1127, 1136 (2nd Cir. 1995). And interest in the privacy of bank records is sufficient to confer standing. In *Chazin v. Liberman*, 129 F.R.D. 97 (S.D.N.Y. 1990), the Court held a bank account holder has "privacy rights in the [bank] records sought by plaintiff" and found that "[t]his claim is sufficient to give them standing…" Id. at 97-98; see also; *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 92-93 (S.D.N.Y. Feb. 20, 2002) ("[n]o fishing expeditions will be tolerated"). Further, a non-party, such as ZJPC is entitled to special consideration by the Court as to the burden imposed from the subpoena. *Neogenix Oncology, Inc. v. Peter Gordon, et al.*, 14cv4427(JFB)(AKT) (E.D.N.Y. 2017), at 8. Initially, it is Plaintiff's burden to establish that the discovery sought would be relevant to these proceedings and required. *See Knight v. Local*, 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016); *Night Hawk Ltd. V. Briarpatch Ltd*., No. 03-cv-1382-RWS, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003). Even if Plaintiffs were able to demonstrate relevancy, the information requested is not proportional to the needs of the case under Rule 26(b)(1). See *Sky Medical Supply Inc. v. SCS Support Claim Services, Inc.*, 12cv6383 (EDNY 2017). And the privacy issues implicated, for a non-party, in keeping private and sensitive confidential financial information private, greatly outweigh any marginal relevancy. See, e.g., *Netjets Aviation Inc.*, 2011 WL 768066 *2-3; see also *Solow v. Conseco, Inc*., 06cv5988, 2008 WL 190340 *4-5 (S.D.N.Y. Jan. 18, 2008).

**Plaintiffs' Subpoenas are Overly Broad, Unduly Burdensome, Irrelevant, Harassing**

Plaintiffs' subpoenas do not even attempt to reasonably limit the request to information related to the litigation. As pointed out by the Court in *Axginc Corporation v. Plaza Automall, Ltd.*, No. 14-cv-4648 (ARR) (VMS) (E.D.N.Y. Oct. 2, 2018)*, "*a document subpoena served on a third party may be found overbroad or unreasonable if it "sweepingly pursues material with little apparent or likely relevance to the subject matter." citing *U.S. v. Int'l Bus. Mach. Corp*., 83 F.R.D. 97, 106-07 (S.D.N.Y. 1979)." Id. A *carte blanche* into the entire array of ZFPC's IOLA bank records, checks, statements, deposits, wires, financial statements, which Plaintiffs propose, evidences that the intent is far more for a fishing expedition, rather than relevant and proportional discovery tailored to the needs of this case. Yet discovery has "never been a license to engage in an unwieldy, burdensome and speculative fishing expedition." *Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F. 3d 1151, 1163 (10th Cir., 2010).

Similar Subpoenas utilizing terms such as "all" or "any and all" are routinely quashed as overly broad. *Franzon v. Massena Mem. Hosp*., 189 F.R.D. 220, 222 (N.D.N.Y. 1999)

4

(finding that defendant's discovery request for "any and all documents" without limitations is overbroad).  See *E.E.O.C. v. Unit Drilling Co*., No. 13-cv-147- TCK-PJC, 2014 WL 130551, at *3–4 (N.D. Okla. Jan. 13, 2014) (quashing overly broad requests that sought "any and all documents" concerning a wide swath of personal information); See *Richards v. Convergys Corp*., Nos. 2:05-cv-00790-DAK, 2:05-cv-00812 DAK, 2007 WL 474012, at *4–5 (D. Utah Feb. 7, 2007) (quashing subpoenas that sought "all documents regarding employment."). Discovery requests are overbroad, even if some responsive information is conceivably relevant, when only a fraction of the documents requested are relevant. *Nugget Hydroelectric L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 438-39 (9th Cir. 1992).  Plaintiff's attempt to delve into irrelevant documents through the subpoena is per se unduly burdensome.  See *White v. Deere & Co*., No. 13-cv-02173-PABNYW, 2015 WL 1385210, at *9 (D. Colo. Mar. 23, 2015) ("Discovery into matters not relevant to the case imposes a per se undue burden.").  *McBride v. Medicalodges, Inc*., 250 F.R.D. 581, 586-87 (D. Kan. 2008). On the grounds set forth above, the subpoena should be quashed and/or modified, and a protective order should issue to limit the discovery sought; and expenses awarded to the extent the Court deems appropriate.

**Plaintiffs Have Failed to Take Reasonable Steps under Rule 45**
Rule 45(d)(1) of the Federal Rules of Civil Procedure requires a party who serves a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  When a party fails to take such reasonable steps, Rule 45(d)(3)(A) requires the Court to quash or modify a subpoena that subjects a person to an undue burden.  This is particularly true where discovery is directed at a non-party[1].  Although discovery can be sought from non-parties, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." *Cusumano v. Microsoft Corp*., 162 F.3d 708, 717 (1st Cir. 1998) (emphasizing the special protection provided to non-parties subpoenaed in that they "are strangers to the . . . litigation; insofar as the record reflects, they have no dog in that fight.  Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modem civil litigation.  Non-parties have a different set of expectations.")); see also *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd*., 333 F.3d 38, 42 (1st Cir. 2003) (upholding a district court order quashing a subpoena on a non-party to an underlying litigation where there was an imbalance between the need for the subpoena and the burden sought to be placed on the non-party).
Respectfully submitted,
__*/s/Wesley Mead/s/*_____
Wesley Mead    cc: *All Counsel and parties of Record (via ECF) & Chase Bank Legal Dept.*

---

[1] Fed. R. Civ. P. 45 provides additional protections for non-parties.  Under Rule 45(c)(1), an attorney responsible for issuing a subpoena "must take reasonable steps to avoid imposing undue burden and expense on a person subject to the subpoena."  Indeed, an issuing court "must" quash or modify a subpoena that subjects a person to "undue burden."  Fed. R. Civ. P. 45(c)(3)(A)(iv).  It is axiomatic that what applies to the protection of parties applies in spades to the protection of non-parties.  See, e.g., Fed. R. Civ. P. 45, Advisory Committee Note of 1991 ("A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court.").